692 NEBRASKA REPORTS. [VOL. 112

State, ex rel. Village of Dakota City, v. Bryan.

---

STATE, EX REL. VILLAGE OF DAKOTA CITY ET AL., APPELLEES, v. CHARLES W. BRYAN, GOVERNER, ET AL., APPELLANTS.

FILED NOVEMBER 20, 1924. No. 24367.

Statutes: CONSTRUCTION. That construction of a statute of doubtful meaning given it by those whose duty it is to enforce it, and which construction the legislature has by its continued non-interference for a number of years acquiesced in, will be approved, unless as thus construed it contravenes some provision of the Constitution, or is clearly wrong.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. Reversed.

O. S. Spillman, Attorney General, and Hugh La Master, for appellants.

William P. Warner and H. E. Kuppinger, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

THOMPSON, J.

This is an action in mandamus, brought by the state on relation of the village of Dakota City, and numerous other villages similarly situated, against the state board of equalization and assessment, respondents. The issues raised by the pleadings may be stated as follows:

That respondents are about to proceed under sections 5839-5841, Comp. St. 1922, as they have proceeded for the last 16 years, to apportion the value of the rolling-stock of the railroads passing through relators' corporate limits, which rolling-stock is subject to terminal taxation, upon a basis of mileage value within terminals, arrived at by taking the total value of the rolling-stock of a railroad, and separating it as between main line and branch line according to the value of the main line and branch line respectively, then dividing the main line value of the rolling-stock by the main line mileage, and the branch line value by branch line mileage, and then assigning to each relator its amount, depending upon its location on a branch line or main line, when in law under section 5874, Comp. St. 1922, this apportionment should be made upon a main line mileage valuation alone, and without distinction as to whether relator is located upon a main or branch line.

The prayer of relators' petition is for an injunction, restraining respondents from certifying to the county clerks of the counties in which relators are located upon the main or branch line basis, and for a writ of mandamus compelling respondents to certify according to relators' interpretation of section 5874, *supra.*

A demurrer was filed, alleging that the petition " does not state facts sufficient to constitute a cause of action," which was overruled. Respondents elected to stand on their demurrer. Judgment was entered as prayed for. Respondents bring the case here for reversal, contending that the court erred in overruling the demurrer, and in granting the writs of injunction and mandamus.

In deciding this case, it must be remembered that we have had biennial sessions of the legislature since the board of equalization and assessment has been proceeding under its interpretation of section 5874, which interpretation is complained of. Section 5874 was enacted in 1907 as part of an entire act, and remained without change until 1921, when it was amended by repealing a part thereof. However, this amendment in no manner modified or

694 NEBRASKA REPORTS. [Vol. 112

changed the section as to matters here under consideration. Thus we conclude that the action of the legislature approved the correctness of the interpretation placed upon these statutes by the board. *Douglas County v. Vinsonhaler,* 82 Neb. 810; *Rohrer v. Hastings Brewing Co.,* 83 Neb. 111; *State v. Sheldon,* 79 Neb. 455. The opinion in the last cited case embodies a discussion of the question herein presented of main line or branch line, as well as that of legislative adoption of construction by usage, which renders a further discussion of these questions unnecessary.

Therefore, it is considered by us that respondents were within their legal rights when under the Constitution and statutes, they assessed and were about to assess the rolling-stock of the railroads for the purpose of terminal taxation, by taking the total value of the rolling-stock, and separating it as between main line and branch line respectively, then dividing the main line value of the rolling-stock by the main line mileage, and the branch line value by the branch line mileage, and then assigning to each relator its amount, depending upon its location on a branch line or main line.

The judgment of the district court should be and hereby is reversed, set aside, and the temporary injunction dissolved, and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.

Note—See Statutes, 36 Cyc. pp. 1140, 1141; Taxation, 37 Cyc. p. 1038.