REQUESTED BY: Dear Senator Wesely:
This is in response to your letter of September 19, 1980. In that letter you state that you are considering the introduction of a legislative bill to prohibit a local school district from closing a school without the consent of the students' parents and the county superintendent. You ask if it is necessary to introduce such a bill or does the present statutory language of Neb.Rev.Stat. § 79-469 (Reissue 1976) already prevent the closing of a school in Lincoln without the consent of the parents or the county superintendent. You ask for our response by Tuesday, September 23, 1980.
The 1949 Legislature passed `an act to revise, adopt, and establish a code of laws for the State of Nebraska relating to schools.' LB 1, appearing as Chapter 256, Laws of Nebraska 1949. A large number of the sections of Chapter 79 of the Revised Statutes of Nebraska 1943, and the 1947 Supplement thereto, was incorporated in this new code. Prior to that new code, Neb. Rev. Stat. § 79-469 (Reissue 1976), appeared as Neb.Rev.Stat. § 79-223 (Reissue 1943). Thus a comparison of the two cited statutes may be of value to you. The former provision, Neb.Rev.Stat. § 79-223 (Reissue 1943), stated:
 Subject to the conditions set forth in section 79-221 for closing the school in any district, the school board of any district maintaining more than one school is authorized to close any school or schools within such district and to make provision for the education of children either in another school of said district or in the school of any other district or by correspondence instruction for such children as may be physically incapacitated for traveling to or attending other schools, with the permission of the parent and on the approval of the county superintendent.
Neb.Rev.Stat. § 79-469 (Reissue 1976), provides:
 The school board of any district maintaining more than one school is authorized to close any school or schools within such district and to make provision for the education or children either in another school of said district, or in the school of any other district, or by correspondence instruction for such children as may be physically incapacitated for traveling to or attending other schools, with the permission of the parent and on the approval of the county superintendent.
Thus it can be seen that the two statutes are quite similar almost identical.
In connection with the two cited statutes, we wish to call your attention to a case entitled State ex rel.Strange v. School District, 150 Neb. 109, 33 N.W.2d 358
(1948). In that case the Nebraska Supreme Court examined the legislative history of Neb.Rev.Stat. § 79-223 (Reissue 1943), and concluded that it applied to school districts organized on the town meeting plan or so-called `county districts' and did not apply to school districts in cities and villages subject to population limitations.
Thus without the passage of LB 1, Chapter 256, Laws of Nebraska 1949, it would be clear that Neb.Rev.Stat. § 79-469
(Reissue 1976), would not apply to school districts subject to population limitations. See, for example, Neb.Rev.Stat. § 79-102 (Reissue 1976). Unfortunately, the legislative history of LB 1, appearing as Chapter 256, Laws of Nebraska 1949, does not offer much insight as to the meaning to be subscribed to Neb.Rev.Stat. § 79-469 (Reissue 1976). On the other hand, during the past thirty-one years the governing boards of many school districts subject to population limitations and maintaining more than one school have closed one or more of those schools without `the permission of the parent and on the approval of the county superintendent.' We, of course, are in no position to say that it was wrong. Indeed, it is well settled law that construction of a statute of doubtful meaning, given by those whose duty it is to enforce it, and which construction the Legislature has by its continued noninterference for a number of years acquiesced in, will be approved unless it contravenes the Constitution or is clearly wrong. See, e.g., Kennedy v. RoyalHighlanders, 109 Neb. 24, 189 N.W. 612 (1922); and Statev. Bryan, 112 Neb. 692, 200 N.W. 870 (1924). Certainly the above described administrative construction of Neb.Rev.Stat. § 79-469 (Reissue 1976), does not contravene the Constitution nor can we say that it is clearly wrong.